UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Lashawun Cook, Jr., | Case No. 22-CV-1389 (NEB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Stearns County Jail, Sgt. Lar, Officer Crawford, Officer Brown, Officer Johnson, | |
| Defendants. | |

Plaintiff Kenneth Lashawun Cook, Jr., a prisoner, filed his Complaint in the above-captioned civil rights action under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also applied to proceed *in forma pauperis* (IFP) (ECF No. 3). The Court previously calculated Plaintiff's initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff has paid that fee, and this matter is now before the Court for review pursuant to 28 U.S.C. § 1915A. Upon that review, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim and that his IFP application be denied. *See* 28 U.S.C. § 1915A(b).

## BACKGROUND

The Complaint states that Plaintiff was incarcerated in the Stearns County Jail in St. Cloud, Minnesota from July 29, 2021–April 28, 2022. Plaintiff contends that officers at the jail assaulted him, put him in handcuffs, and then placed him in a cell in booking with no sink, toilet, mattress or bedding for over 18 hours on July 29, 2021 (ECF No. 1 at 1). Plaintiff claims he was moved to a different cell without a mattress and left there for days, requiring him to sleep in his own blood on the concrete floor. *Id.* Plaintiff contends he was placed on suicide watch even though he was not suicidal. *Id.* Plaintiff further claims he was not given any clothing and that others could see

him naked. *Id.* Plaintiff alleges that when he requested clothing his requests were ignored, and that when he screamed for help he was told if he kept screaming he would not get his clothes back. *Id.* Plaintiff contends he could hear officers using racist slurs, including the "N" word. *Id.*

Plaintiff asserts three claims for relief: first, that he was discriminated against based on race, sex, and disability; second, that he was subjected to cruel and unusual punishment; and third, that Defendants are liable for the intentional infliction of emotional distress, a state tort claim. *Id.* Plaintiff requests money damages. *Id.*

The Court warned Plaintiff twice about the potential legal and factual deficiencies in his Complaint. (ECF Nos. 4 and 8.) Despite these warnings and the Court's recommendation that he file an amended complaint to address the deficiencies, Plaintiff did not do so. The Court thus reviews the Complaint as currently written, and upon review and for the reasons outlined below, recommends that the Complaint be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A—a part of the Prison Litigation Reform Act (PLRA)—the Court must dismiss a prisoner's complaint, or any portion of the complaint, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a "pro se complaint must be liberally construed," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), pro se plaintiffs must

allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible or their complaint must be dismissed," *Twombly*, 550 U.S. at 569-70.

Section 1983 authorizes plaintiffs to sue a "person" for a violation of the plaintiff's constitutional rights. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). A jail—such as the Stearns County Jail—is not considered a "person" for the purposes of section 1983 liability. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (memo); *De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Since a jail is not a legal entity amenable to suit, any claims against the Stearns County Jail must be dismissed as a matter of law.

The Complaint does not identify whether Plaintiff is suing the individual defendants—Sgt. Lar, Officer Crawford, Officer Brown, and Officer Johnson—in their official or personal capacities. The law is well-settled that if a plaintiff's complaint is silent about the capacity in which he is suing a government official, the court must construe the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). Moreover, a suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978). "The real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, this Court construes Plaintiff's claims against the individual defendants as official-capacity claims against the County itself.

For a government entity to be liable under section 1983, however, "a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy or practice" of that entity. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). "Official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998) (internal citations omitted). Here, there is nothing in the Complaint to suggest that the individual defendants were following official policy in allegedly violating Plaintiff's constitutional rights.

Furthermore, Plaintiff has not alleged that the asserted constitutional violations were committed pursuant to custom or usage. To establish "custom or usage," the plaintiff must show: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) [d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policy making officials after notice to the officials of that misconduct; and (3) [t]he plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation." *Id.* Plaintiff's section 1983 claims fail because the Complaint does not allege any facts indicating that the Stearns County Jail has a custom of discriminating against African-American male detainees and that this custom is what motivated the Stearns County Jail's treatment of him on July 29, 2021. Plaintiff's section 1983 claims against the individual defendants fail for these reasons.

Even if Plaintiff had specified in his Complaint that he was suing the individual defendants in their individual capacities, his section 1983 claims would fail. "Liability under section 1983 requires a casual link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Here, the Complaint fails to allege the individual

4

defendants' personal involvement in the alleged unconstitutional conduct, or in other words, *how* each individual defendant allegedly violated his constitutional rights. *See Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that a prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a section 1983 claim)).[1] Thus, any individual-capacity claims against the defendants would likewise fail.

Because Plaintiff's section 1983 claims fail to state a claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over the remaining state law claim of intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3) (permitting federal courts to decline supplemental jurisdiction over state law claims when the court has dismissed all claims over which it has original jurisdiction). In doing so, the Court takes no position on the potential merits of this claim.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b); and that

2. The application to proceed *in forma pauperis* of Plaintiff Kenneth Lashawun Cook, (ECF No. 3), be **DENIED**.

---

[1] The Complaint only ever made allegations against "officers". (ECF. No. 1.) To properly assert individual-capacity claims, Plaintiff would have needed to identify what each individual defendant may have done or failed to do to with respect to the misconduct alleged.

Dated: September 22, 2022       s/ Dulce J. Foster
                                DULCE J. FOSTER
                                U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).